IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TUBULAR ROLLERS, LLC, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-3113 |
| | § | |
| MAXIMUS OILFIELD PRODUCTS, LLC, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

### ORDER

Pending before the Court is the Plaintiffs', Tubular Rollers, LLC ("Tubular"), Rolling Tool, Inc. ("Rolling Tool"), and H. Lester Wald, Motion to Withdraw and Amend Deemed Admissions (Doc. No. 59), to which the Defendants, Maximus Oilfield Products, LLC ("Maximus") and Nabors Drilling Technologies USA, Inc. ("Nabors Drilling"), filed a Response (Doc. No. 61) and the Plaintiffs replied (Doc. No. 63).[1] After considering the briefing and applicable law, the Court grants the Plaintiffs' motion.

The Fifth Circuit "has stressed that a deemed admission can only be withdrawn or amended by motion in accordance with [Federal Rule of Civil Procedure] 36(b)." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: (1) would serve the presentation of the case on its merits, but (2) would not prejudice the party that obtained the admissions in its presentation of the case. *Id.* (citing Fed. R. Civ. P. 36(b)). Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission. *Id.*

---

[1] Also pending is the Plaintiffs' Motion for Reconsideration (Doc. No. 54) of this Court's earlier ruling (Doc. No. 53) and the Defendants' Second Motion for Summary Judgment (Doc. No. 58). Those motions will be resolved in separate orders.

Based upon the briefing, the answer to admissions were only filed six days late. This is six days in the midst of a pandemic and an unusual winter storm. Moreover, the Defendants have now had these answers for almost three months. None of the answers that would be affected by this order would be a surprise to the Defendants. For example, the current deemed admissions would put an end to this litigation entirely as one of them amounts to an admission that the Defendants did not infringe at all. Obviously, from the very first pleading Plaintiffs have contended that their patent was being infringed. Moreover, allowing the withdrawal and amendment does not prejudice the Defendants because it is unlikely that they were relying on the Plaintiffs making an admission absolving the Defendants from liability entirely. Accordingly, the Court holds that allowing the Plaintiffs to withdraw and amend their deemed admissions under the circumstances would serve the presentation of the case on its merits and that the Defendants will not be prejudiced by the allowance.

For the foregoing reasons, the Court grants the Plaintiffs' motion

Signed at Houston, Texas, this ____ day of May, 2021.

Andrew S. Hanen
United States District Judge