United States District Court
Southern District of Texas
**ENTERED**
December 16, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TUBULAR ROLLERS, LLC, *et al.*, § § *Plaintiffs*, § § v. § CIVIL ACTION NO. 4:19-CV-03113 § MAXIMUS OILFIELD PRODUCTS, LLC, § *et al.*, § § *Defendants*. § | |

## ORDER

Before the Court is Defendant Nabors Drilling Technologies USA, Inc.'s *Daubert* Motion to Exclude the Opinions and Testimony of Dr. Gary Wooley. (Doc. No. 73). Plaintiffs have responded in opposition and Defendant has replied. (Doc. Nos. 78, 83).[1]

**I.**

Defendant Nabors Drilling Technologies USA, Inc. ("Nabors") asks this Court to strike the testimony of Plaintiffs' expert Dr. Gary Wooley ("Dr. Wooley"). Dr. Wooley is a mechanical engineer with a PhD in Engineering Science. He worked in and around the oil patch from 1966 to 1986, at which time he opened his own engineering firm. Nabors predicates its motion on *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), Federal Rule of Evidence 702, and their progeny. There is no need for a lengthy dissertation on the ins and outs of *Daubert* motions as the Court has set out the general rules in other orders and the law concerning the qualification of an individual and that expert's methodology and reliability is well-developed in this Circuit.

---

[1] At the time the motion was filed, both Nabors Drilling Technologies USA, Inc. and Maximus Oilfield Products, LLC were Defendants. Maximus was subsequently granted summary judgment. (Doc. No. 75).

1

Defendant's primary objections are that Dr. Wooley's opinions are untimely and unreliable and that they should be stricken. The Court will address each objection in turn.

## I.

Initially, Nabors complains that Dr. Wooley's "bolts-out" theory, concerning infringement when the bolts are removed, has not been adequately pleaded. This complaint has already been addressed by the Court in other opinions. (*See, e.g.*, Doc. No. 75 at 8–11). The ruling that the subject had been fairly raised in multiple places in the course of this case, and that no party was surprised by the allegation, need not be revisited here. This is especially true since this complaint is completely out of place in a *Daubert* motion. That objection is overruled.

Defendant also objects to Dr. Wooley's "bolts-in", his opinions concerning infringement when the bolts are in place. These objections are moot. This Court has ruled that the allegedly infringing product does not infringe the patents in question when the bolts are in place. Thus, Dr. Wooley's opinions on this topic, whether timely or not, need not be allowed before the jury.

## II.

Nabors next complains that Dr. Wooley relies on information that was provided to him by a person, Chuck Henkes, who has never seen the product used in the field. Dr. Wooley himself has never seen in person the alleged infringing product at all. Henkes apparently watched a video and later passed whatever he gleaned from the video to Dr. Wooley. Nabors complains this method of forming an opinion is far from reliable.

Rule 703 contemplates that an expert can rely on hearsay or other inadmissible facts or data. This Court has not found any authority—nor has it been cited to any authority—that an expert can reasonably rely on double hearsay relayed to him/her by an employee of a party with a vested interest in the outcome of the case.

> Expert witnesses may base opinions on facts or data that the expert "has been made aware of or personally observed." Fed. R. Evid. 703. If the facts and data relied

2

> upon are the sort that experts in that field would reasonably rely on, then those facts "need not be admissible for the opinion to be admitted." *Id.* Accordingly, experts may base their opinions on otherwise-inadmissible information, such as hearsay, so long as the information is the sort reasonably relied upon in the experts' field.
>
> * * *
>
> Because experts may use their past experience and professional judgment to make critical decisions on the basis of such information outside of court, Rule 703 was intended "to bring the judicial practice into line with the practice of the experts themselves when not in court." *Id.* Courts nevertheless must serve a gate-keeping function with respect to Rule 703 opinions to ensure "the expert isn't being used as a vehicle for circumventing the rules of evidence." *In re James Wilson Assocs.*, 965 F.2d 160, 173 (7th Cir. 1992). Rule 703 "was not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion." *Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F.Supp.2d 794, 808 (N.D. Ill. 2005). The rule "was never intended to allow oblique evasions of the hearsay rule." *Id.*

*Factory Mut. Ins. Co. v. Alon USA L.P.*, 705 F.3d 518, 523–24 (5th Cir. 2013).

Neither party has suggested that this kind of hearsay is the kind of information that engineers normally rely upon while performing their day jobs. The Court, therefore, excludes all evidence based solely upon Dr. Wooley's reliance on Henkes' viewing of a video purporting to be Maximus' product. It might be a different story if Dr. Wooley had actually taken the trouble to view the film himself but relying on a third person to watch the video and tell him what was in it goes way beyond the boundaries of Federal Rule of Evidence 703.[2]

### III.

Nabors complains that Dr. Wooley fails to use the Court's claim construction for "mounted" and that his opinions are merely veiled criticisms of this Court's term constructions in its *Markman* rulings. Plaintiffs maintain that Dr. Wooley used this Court's rulings as framework for his opinions.

---

[2] Dr. Wooley actually does testify he reviewed some videos. This ruling does not apply to opinions based upon his own review of videos of the tools in question.

3

Again, this issue falls somewhat outside of the normal rubric for a *Daubert* issue and more into the category of what evidence is, or is not, admissible. The Court, however, will set out two general principles that will govern this case until its conclusion. First, no evidence will be admitted contrary to the *Markman* rulings. Such evidence is irrelevant, even if the parties disagree. *OneSubsea IP UK Ltd. v. FMC Techs., Inc.*, CV 4-16-0051, 2020 WL 7263266 (S.D. Tex. Dec. 10, 2020). Second, no expert witness is under any compunction to use or discuss in their report any of the terms construed by the Court or otherwise contained in any of the patents at issue as long as their reports fully disclose the substance of their proposed testimony. Experts will be limited to the confines of their reports and those concepts or opinions that are obviously inherent in those reports. Putative testimony purporting to discuss topics not addressed in the reports will not be admitted at trial. The entire purpose of Rule 26 is to inform the opposing side of each expert's opinion and the basis of that opinion. While there is no rule that compels experts in their reports to use the same "verbiage" or "vocabulary" used by the Court, or even the patent, an opinion must be fairly disclosed or the opinion will not be allowed at trial.

## IV.

Finally, no expert will be allowed to testify on matters of law (such as claim construction). *ATEN Int'l Co., Ltd. v. Uniclass Tech. Co., Ltd.*, 932 F.3d 1364 (Fed. Cir. 2019). In that same vein, neither Dr. Wooley nor any other expert will be allowed to opine on the burden of proof on invalidity, or any other legal subject or that one tool actually infringes or does not infringe the patent as no expert thus far is qualified to render that opinion.[3]

---

[3] The Court is aware that the Rules of Evidence do not automatically preclude an expert opining on the ultimate issue. *See* Fed. R. Evid. 704. Nevertheless, here Dr. Wooley in his deposition testified that he was not qualified to opine on the legal aspects of infringement. (Doc. No. 73-2 at 36–37).

V.

The Court here takes the time to point out, as it did in another *Daubert* based opinion, that most of the consternation expressed by the *Daubert* movant has been directed at what is in the expert's report. An expert's report is hearsay because it is an out of court statement offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801. Therefore, absent an agreement by all parties, reports will not be admitted into evidence.

VI.

In conclusion, Defendant's motion is granted in part and denied in part. Dr. Wooley may not offer testimony based solely on Henkes' review of a video. He may not offer opinions as to the "bolts-in" theory of infringement as that is no longer an issue. He may testify as to the "bolts-out" theory. He may not offer ultimate opinions on infringement or claim construction, but he may certainly offer opinions supporting Plaintiffs' conclusions if they otherwise comply with the established rules and have been properly disclosed. No opinion is stricken due to his lack of use of certain terms at issue, but Dr. Wooley may not opine about them (or any other topic) not covered in his report. Plaintiffs may not offer Dr. Wooley's testimony to contradict this Court's *Markman* determinations.

Finally, the parties are hereby informed that, absent an agreement, this Court will not admit any expert report in the trial before the jury.

SIGNED at Houston, Texas this 16th day of December, 2021.

Andrew S. Hanen
United States District Judge